2CLARENCE E. McMANUS, Judge.
At issue in this appeal is whether defendants’ acts on plaintiffs’ property exceed a 1958 servitude granted to defendants by plaintiffs’ predecessors in title. For the following reasons, we affirm the trial court’s judgment.

FACTS AND PROCEDURAL HISTORY

On November 10, 1958, plaintiffs’ predecessors in title entered into a servitude with the Jefferson Parish Fourth Jefferson Drainage District as follows:
for and in consideration of the maintenance of storm drainage canals and for the benefits to accrue to the property owned by said appearers adjacent to the said servitude to be hereinafter granted does hereby grant, transfer and set over unto Fourth Jefferson Drainage District, a servitude over and under the property described hereafter to wit:
A CERTAIN PIECE OR PORTION OF ground adjacent to the north side of Canal No. 3 and adjacent to the western boundary of Section 3 of Bissonet Plaza Subdivision designated as Point “A” the point of beginning; thence extending in a northerly direction along the western boundary of Bissonet Plaza Subdivision Section No. 3 a distance of 4,259.98' to the Point marked “E”; thence along the south bank of Canal No. 2 in a westerly direction a distance of 196.66' to | .■¡point marked “D”; thence along a line parallel to the western boundary of Bissonet Plaza Subdivision Section No. 3 in a southerly direction, said point being 182.81' from the western boundary line of said subdivision, a distance of 4,258.74' to the point “B” on the north side of Canal No. 3; thence in a easterly direction along the north bank of Canal No. 3 a distance of 197.12' to Point “A” the point of beginning, all as shown in accordance with the plan of servitude of Elwood Canal from Canal No. 2 to Canal No. 3 prepared by the Fourth Jefferson Drainage District dated May 16, 1958
[[Image here]]
A CERTAIN PIECE OF GROUND commencing on the north side of Canal No. 2 at Point marked “A” and extending in a northerly direction a distance of 5,052.03' to point marked “B”; thence at right angles in an easterly direction a distance of 150' to point marked “C”; thence in a southerly direction a distance of 717.22 to point marked “D”; thence in an easterly direction along the south bank of Canal No. 1 a distance of 50' to a point; thence on an angle of 68 3' ‘44"’ in an southerly direction a distance of 4,275.63' to a point marked “F”; thence on an angle 111 38' ‘3"’ in an easterly direction a distance of 215.16' to the point marked “A” the point of beginning all as shown in the plan of servi *1205 tude of Elwood Canal from Canal No.2 to Pumping Station No. 3 of the Fourth Jefferson Drainage District dated June 3,1958 ...
A CERTAIN PIECE OR PORTION OF GROUND, measuring 25' in width lying parallel and adjacent to the north bank of Canal No. 2 and commencing on the east side of Elmwood Canal and extending in an easterly direction along the north bank of Canal No. 2 a distance of 1065.89' all as per plan of J.J. Krebs, Civil Engineer, dated September 24, 1958 ...
[[Image here]]
The appearers herein retain the right to remove any mud deposited on the spoil bank at any time place thereon.
The Fourth Drainage District accepted the grant of servitude made by appearers and their successors or assigns over and under the property “for drainage purposes only.” In October 1958, the Jefferson Parish Council adopted a resolution accepting the servitude on behalf of the Fourth Drainage ‘ District for the creation of a spoil bank and for drainage purposes.
| ¿Plaintiffs filed an inverse condemnation suit against defendants in April 2002 contending that defendants expropriated their property by entering into a public works project to widen the Elmwood Canal without compensating them for the resultant taking of their property. Plaintiffs in this case are the present owners of the above described property burdened by the 1958 servitude: Harry T. Howard, III; Jarrel E. Godfrey, Jr.; Delores Mason Smith; Elizabeth Mason Smith Purcell; Mary O. Teeter, III; Marguerite Pringle Teetor; and Twydor Castle, L.L.C., (collectively referred to as “plaintiffs”). Defendants are Jefferson Parish and the Fourth Jefferson Drainage District, (hereinafter referred to as “defendants”). Defendants answered entering a general denial of the allegations.
Thereafter, plaintiffs filed a motion for partial summary judgment arguing that the servitude did not contemplate widening of the canal to include the taking of their property to become part of the canal or its banks without notice or compensation. Defendants filed a cross motion for summary judgment contending that it has the authority to cut and open any drains and canals, to deepen and enlarge natural drains within and without the district, to perform any work necessary to drain land in the districts and maintain established drainage. Moreover, the servitude did not restrict defendants’ use of the servitude.
After a hearing, the trial judge denied defendants’ motion but granted plaintiffs’ motion for partial summary judgment in open court, stating:
... I believe that looking at the wording of the 1958 servitude dedication, that it specifically states that it is meant for the maintenance of storm drainage canals. And of course, it says, for the benefits for accrue to the property owners. It does not indicate a taking.... And it says, a servitude over and under the property.... You can have drainage pipes over and under. It doesn’t say you’ve got the right to take the property that is next to the existing canals.
| .^Defendants appealed. The appeal was dismissed because the judgment at issue was not certified as final. The appeal was re-filed after a hearing during which the trial judge designated the judgment as final.

DISCUSSION

Defendants argue that the trial court erred when it granted plaintiffs’ partial motion for summary judgment and denied its motion for summary judgment. Defen *1206 dants maintain that the 1958 servitude granted in favor of Jefferson Parish executed by plaintiffs’ ancestors in title allowed defendants to widen the canal within the physical confines of the property burdened by the servitude without monetary compensation to the land owners. Plaintiffs contend their property has been taken without the benefit of compensation or an expropriation proceeding.
The authority for the bringing of an action for compensation following a taking by a public entity is grounded in Article 1, Section 4 of the 1974 Louisiana Constitution. Section 4 provides in pertinent part that “[property shall not be taken or damaged by the state or its political subdivisions except for public purposes and with just compensation paid to the owner or into court for his benefit.” Estate of Patout v. City of New Iberia, 98-0961 (La.7/7/99), 738 So.2d 544.
Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Ross v. Conoco, Inc., 02-0299 (La.10/15/02), 828 So.2d 546. A motion for summary judgment will be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that [the] mover is entitled to judgment as a matter of law.” La.Code Civ. P. art. 966(B).
The parties do not dispute the existence of the servitude, the description of the property burdened by the servitude or the effect of the defendant’s actions on |fithe property. Thus, we must decide whether the trial court properly determined that the defendants’ actions exceeded the servitude such that plaintiffs are entitled to compensation for the taking of their property. Defendants direct this Court’s attention to the Fourth Circuit’s opinion in Tournillion v. Sewerage and Water Board of New Orleans, 96-1457 (La.App. 4 Cir. 2/12/97), 689 So.2d 655, as dispositive in this case. We find the facts of that case are distinguishable from the present case. The servitude at issue in Toumillon was granted for drainage purposes as well. However, the servitude referenced a Sewerage and Water Board resolution which allowed for the construction of tributary canals and necessary berms relative to the operation of the pumping station at issue in this case. The language of the resolution in this case is not so broad.
An examination of the instrument creating the servitude and the Jefferson Parish Council resolution demonstrate that the servitude was created for the maintenance of storm drainage canals and for the benefits to accrue to the property owners. Additionally, the purpose of the servitude was for the creation of a spoil bank and for drainage purposes only. Plaintiffs allege that the defendants have widened the canal to the extent that plaintiffs’ properties are no longer separate properties adjacent to the canal banks and are indistinguishable from the canal and/or its banks. Defendants do not dispute this occurrence. We find (as did the trial judge) that the defendants’ actions exceed the servitude where those activities exceeded ordinary maintenance of the storm drainage canals. Accordingly, we affirm the trial court’s judgment granting partial summary judgment in plaintiffs’ favor.

AFFIRMED.